[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, David Abbamonte, was ineffective in assisting him in that he failed to explain the likely time to be served and his eligibility for parole when conveying plea bargain offers from the state to resolve the case short of trial. The petitioner was arrested in 1995 for various charges for which he was tried before a jury and sentenced in April of 1996 to a term of eighteen years suspended after twelve years with a period of three years probation on the Robbery count, one year concurrent on the assault count, seven years to serve concurrently on the Drug Possession charge, and one year consecutive on the Interfering charge, for a total effective sentence of eighteen years suspended after thirteen years with a period of three years probation.
The petitioner called two witnesses, himself and his criminal trial attorney, Abbamonte. He testified that he was first CT Page 13864 represented by two members of the public defender's staff, William Holden and David Abbamonte but that Abbamonte represented him during the trial. Holden before the trial told him that he shouldn't worry about the robbery charge because it would be considered a drug deal which went wrong. He recalled that during the trial in the presence of Holden and Abbamonte that they conveyed a plea agreement of seven years which he would take but for the eighty-five percent rule attached thereto. But neither of his attorneys explained anything about good time credits or eligibility for parole. He didn't learn of that subject until he was sentenced.
Abbamonte testified that shortly after representing the petitioner that he conveyed a plea agreement of "something after 10 years" but that prior to jury selection he conveyed an offer of nine (9) years suspended after five and one-half (5 1/2) years. The petitioner refused both offers stating that it was a drug deal gone wrong and that he would not plead to a robbery. He has no memory of any notation on his file of any other offers. He could not see the logic of an offer of seven (7) years when the state previously offered five and one-half (5 1/2) years to serve, particularly when the victim was very reluctant witness. He had been generally discussing the eighty-five per cent (85%) parole limitation (see C.G.S. 4-125a(c) effective as of July 1, 1996) with clients but with the qualification that no one knew what the Parole Board would do. He didn't think it necessary to discuss good time credits with clients because they generally were more aware of the warden's application of them. Such credits and parole were discretionary so that he avoided any guarantees as to the time to be served.
The court finds that the petitioner was aware that the robbery charge did fall within the eighty-five percent requirement of C.G.S. 54-125a(c) for parole and that the seven years to serve was never offered. Therefore, neither could have influenced his decision differently to have taken a plea rather than to finish trial.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result would have been different. Copas v. Commissioner,234 Conn. 139 (1995); Strickland v. Washington, 466 U.S. 668, 694. The petitioner has failed to show that the result would have been different and has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, CT Page 13865211 Conn. 352, 359.
For the above reasons the petition is denied.
Thomas M. Corrigan Judge Trial Referee